1 | Joshua B. Swigart (SBN 225557)
2 | Josh@SwigartLawGroup.com
  | **SWIGART LAW GROUP, APC**
3 | 2221 Camino del Rio S, Ste 308
4 | San Diego, CA  92108
  | P: 866-219-3343
5 | *Attorneys for Plaintiff*

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID KAUFFMAN, individually and on behalf of others similarly situated,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**CAPITAL HOME MORTGAGE, LLC,**<br><br>                    Defendant. | Case No: **'22CV1940 MMADDL**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**UNLAWFUL RECORDING OF CELLULAR TELEPHONE CALLS, CAL. PEN. CODE § 632.7**<br><br>**JURY TRIAL DEMANDED** |

1

Complaint

# INTRODUCTION

1. David Kauffman ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Capital Home Mortgage, LLC ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 630, et seq.

2. The California State Legislature passed CIPA in 1967 to protect the privacy rights of Californians, replacing prior laws, which permitted the recording of telephone conversations without consent.

3. In addition to the general protections afforded to confidential telephonic communications by California Penal Code §632, California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits secretly recording all communications involving cellular and cordless telephones, not just confidential communications. Penal Code 637.2 permits Plaintiff to bring this action for any violation of Penal Code § 632.7 and provides for statutory damages of $5,000 for each violation.

4. Plaintiff brings this class action on behalf of all persons in California whose cellular telephone conversations were recorded by Defendant without their consent.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. All the conduct engaged in by Defendant took place in California.

///

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.
8. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION & VENUE

10. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a Michigan entity headquartered in Michigan.
11. Plaintiff is requesting statutory damages of $5,000 per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.
12. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.
13. Because Defendant conducts business within the State of California, personal jurisdiction is established.
14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

15. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego, in this judicial district.

///

16. Defendant is, and at all times mentioned herein was, a Michigan entity with its headquarters located in Michigan. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district. Defendant is a "person" as defined by Cal. Pen. Code § 632(b).

## FACTS

18. On June 30, 2017, Plaintiff purchased identity theft protection from Experian. Plaintiff gave Experian his personal information so that Experian could monitor his credit and help prevent identity theft.

19. Plaintiff's agreement with Experian may have allowed Experian to share Plaintiff's information with Defendant.

20. On November 15, 2022, Plaintiff applied for a home equity line of credit with Comerica Bank ("Comerica") and Plaintiff gave Comerica his information.

21. Comerica provided Plaintiff's information to Experian which Experian used to produce Plaintiff's credit report. Experian sent the report to Comerica as requested.

22. Unbeknownst to Plaintiff, Experian then sold Plaintiff's information to Defendant for commercial purposes.

23. On November 22, 2022, an agent of Defendant called Plaintiff attempting to sell Plaintiff a mortgage.

24. The agent did not advise Plaintiff that Defendant was recording the call or seek Plaintiff's consent to record.

25. The parties spoke for several minutes while the agent attempted to persuade Plaintiff to apply for a loan.

26. Plaintiff then asked the agent if Defendant was recording the call and the agent responded affirmatively.

27. Plaintiff was surprised and annoyed that Defendant recorded his call without telling him. There was no beeping noise or any indication of recording.

28. Defendant records all its calls, both inbound and outbound, like the one it made to Plaintiff. Defendant does not advise anyone that it is recording.

29. California Penal Code § 632.7(a) is clear in its prohibition against such unauthorized recording of cellular communications without consent:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

30. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

31. Defendant recorded or otherwise made unauthorized connection(s) to Plaintiff's conversation(s) with Defendant in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

32. This suit seeks only damages and injunctive relief for recovery of economic injury, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

33. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communication(s) transmitted between "a cellular radio telephone and a landline telephone" without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

34. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the conversation(s) with

Plaintiff that the call(s) would be recorded, and Defendant did not try to obtain Plaintiff's consent before such recording.

35. The recording or other unauthorized connections were done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

36. Defendant, its employees or agents, secretly recorded calls, or parts of calls, it placed to Plaintiff. Defendant did not warn Plaintiff at the outset of the call(s) that it was recording the call(s).

37. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

38. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and Class Members. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

40. Plaintiff proposes the following Class consisting of and defined as follows:

> "All persons in California whose cellular telephone communications were recorded by Defendant or its agents."

41. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

42. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

43. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. Given that, on information and belief, Defendant called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

44. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    - Whether Defendant recorded calls with the Class Members;
    - Whether Defendant had, and continues to have, a policy of recording telephone calls made to the Class Members;
    - Whether Defendant's policy or practice of recording calls with Class Members constitutes a violation of Cal. Penal Code § 632.7;
    - Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violations; and
    - Whether Defendant should be enjoined from engaging in such conduct in the future.

45. <u>Typicality</u>: Plaintiff's conversations were unlawfully recorded without a warning of such recording at the outset, and thus, Plaintiff's injuries are typical to Class Members. Plaintiff and Class Members were harmed by the acts of Defendant because Defendant, either directly or through its agents, illegally recorded Plaintiff and Class Members' conversations with Defendant, invading the privacy of Plaintiff and the Class. Plaintiff and Class Members were damaged thereby.

46. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make

known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are well versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counselors are experienced in handling claims involving consumer actions and violations of the California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

47. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

48. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendant to comply with California law.
   b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.
   c. Management of the claims here will present far fewer difficulties than those presented in many other class actions.
   d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims

        in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create.

    f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

49. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct. A class action is superior to other available methods because individual Class Members have no way of discovering that Defendant recorded their conversations without their knowledge or consent.

50. The Class should be certified because:

- The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;
- The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to all Class Members, thereby making injunctive relief related to all Class Members appropriate.

51. This suit seeks only statutory damages and injunctive relief and does not request recovery for personal injury claims.

52. The Class Members can be identified through Defendant's records.

53. The joinder of the Class Members is impractical and the disposition of their claims in this action will provide substantial benefits to the parties and the court.

# CAUSE OF ACTION
## RECORDING OF CELLULAR CALLS
### UNDER CALIFORNIA PENAL CODE § 632.7

54. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Class Members like Plaintiff.

55. Defendant intentionally and secretly recorded cellular telephone calls between Defendant and Class Members like Plaintiff.

56. Defendant had and followed a policy and practice of not advising or warning Class Members like Plaintiff that their cellular telephone communications with Defendant would be recorded.

57. Defendant failed to obtain consent from Class Members like Plaintiff prior to recording their cellular telephone conversations.

58. Defendant's conduct violated Section 632.7(a) of the California Penal Code.

59. Plaintiff and Class Members are entitled to statutory damages of $5,000 per violation of Cal. Pen. Code § 632.7 under Cal. Pen Code § 637.2(a).

60. Plaintiff's counsel is entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Pro. § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members pray for the following;

- Certification of the Class;
- Appointment of Plaintiff to serve as Class Representative;
- Appointment of Plaintiff's Counsel as Class Counsel;
- An award of $5,000 for each violation of Cal. Pen. Code § 632.7 to Plaintiff and every Class Member pursuant to Cal. Pen. Code § 637.2(a);
- Injunctive relief to prevent the further occurrence of the illegal acts pursuant to Cal. Pen. Code § 637.2(b);

- Reasonable attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Any other relief the Court may deem just and proper including interest.

### TRIAL BY JURY

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP**

Date: December 8, 2022            By:   *s/ Joshua Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorneys for Plaintiff

**LAW OFFICE OF DANIEL SHAY**

Date: December 8, 2022            By:   *s/ Daniel Shay*
Daniel G. Shay, Esq.
DanielShay@TCPAFDCPA.com
Attorneys for Plaintiff